# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br>   Plaintiff,<br>vs.<br>Kennon Simington, Jr.,<br>   Defendant. | No. CV-13-0382-TUC-DCB-DTF<br><br>**REPORT & RECOMMENDATION** |

  On May 28, 2013, Defendant Kennon Simington, Jr. filed a Notice of Removal to United States District Court Under 28 U.S.C. § 1442a Members of Armed Forces. (Doc. 1.) Defendant simultaneously filed an Application to Proceed Without Prepaying Fees or Costs. (Doc. 2.) Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Ferraro for a report and recommendation. (Doc. 12.) The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order remanding this matter to superior court.

## ANALYSIS

  As an initial matter, Simington failed to provide this Court with a copy of all pleadings and other documents filed with the state court as required by LRCiv 3.6(b). However, based on the state court case number (CR 10004977), review of the Tucson City Court docket, the fact that Plaintiff is the State of Arizona, and the removal statute cited by Simington, it is evident that he is attempting to remove a criminal prosecution brought against him in state court.

"Federal courts are courts of limited jurisdiction," bounded by the power authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. v. America*, 511 U.S. 375, 377 (1994). Courts strictly construe removal statutes against removal, rejecting jurisdiction if there is any doubt about the right to remove. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

The Court reviews jurisdiction here because it has a duty to confirm jurisdiction sua sponte regardless of whether it is raised by the parties. *United Investors Life Ins Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Simington seeks removal jurisdiction based upon 28 U.S.C. § 1442a, which provides:

> A civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States for the district where it is pending in the manner prescribed by law, and it shall thereupon be entered on the docket of the district court, which shall proceed as if the cause had been originally commenced therein and shall have full power to hear and determine the cause.

First, other than asserting that he was on active duty at the time of the incident, Simington does not assert that the prosecution was based on actions by him "under color of his office or status." Second, review of the Tucson City Court docket reveals that the underlying criminal matter that Simington seeks to remove was disposed of by the city court and appealed to the Superior Court (which dismissed the appeal). The statute allows removal only prior to trial or final hearing, which is long expired in Simington's criminal matter. For both of these reasons, Simington has not overcome the presumption against removal and met his burden to establish jurisdiction under this statute.

Further, Simington's Notice of Removal of a criminal action is actually styled as a civil complaint alleging violations of his civil rights by state and city entities, from whom he seeks damages. To the extent Simington seeks to act as a plaintiff in a civil action, he has no right to remove the matter to this Court.

**RECOMMENDATION**

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order REMANDING this action to the Pima County Superior Court and DENYING AS MOOT the Application to Proceed Without Prepaying Fees or Costs.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

DATED this 18th day of September, 2013.

D. Thomas Ferraro
United States Magistrate Judge