UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,               )<br>            Plaintiff,          )<br>                                 )<br>v.                               )<br>                                 )<br>Kennon Simington, Jr.,           )<br>            Defendant,          )<br>_____) | CV 13-382 TUC DCB-DTF<br><br>**O R D E R** |

    This matter was referred to Magistrate Judge D. Thomas Ferraro, who issued a Report and Recommendation (R&R) on September 18, 2013. The R&R reflects that this matter must be remanded to state court for lack of jurisdiction.  Defendant, Simington, attempts to remove to federal court a state criminal proceeding.  The criminal matter has already been resolved and was unrelated to any act by Simington taken under color of his office or status as a member in the armed forces, except that he was on active duty at the time of the incident.  This Court is one of limited jurisdiction, with a strong presumption against removal jurisdiction.  (R&R at 2.) Simply being a member in the armed forces does not establish jurisdiction under 28 U.S.C. § 1442a, which provides "a civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States . . .."

    The duties of the district court, when reviewing a R&R by a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district

court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation (R&R), "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). There has been no objection filed by Defendant.

This Court does not repeat, here, the discussion provided by Magistrate Judge Ferraro in the R&R. There being on objection and review, therefore, being waived, the Court reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)).

The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (*United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. §  636(b)(1). For the reasons stated in the R&R, the Court remands this action to the Pima County Superior Court.

/ / /

/ / /

- 2 -

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation [Doc. # 13] is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the action is REMANDED to the Pima County Superior Court.

**IT IS FURTHER ORDERED** that the Application to Proceed Without Prepaying Fees or Costs [Doc. 2] is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close the case and send a copy of this Order to the Clerk of the Court for the Pima County Superior Court.

DATED this 23rd day of December, 2013.

David C. Bury
United States District Judge